■ In the Matter of the Claim of HENRY I. SHERMAN, Respondent, against HOLLAND FURNACE Co. et al., Appellants, and SPECIAL FUND CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— An employer and carrier appeal from an award and decision of the Workmen's Compensation Board awarding claimant compensation for permanent partial disability arising from three different accidents. Two thirds of the claimant's disability has been charged to his last two accidents, for which the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law has been held liable. One third of the disability has been charged to the first accident and held to be the employer's and carrier's responsibility. It is from that part of the decision and award which the employer and carrier appeal. It is the contention of the appellants that the entire award should be charged against the Special Fund. On November 15, 1943 claimant sprained his back as the result of an industrial accident. He was paid compensation up until December 13, 1943 and the case was thereafter closed on January 14, 1947. On August 28, 1949 claimant suffered a further injury to his back while installing a furnace in the course of his employment, but he had no loss of time because of this accident. On October 19, 1949 he suffered a third injury to his back while lifting a furnace onto a truck. The board has found that claimant's present disability, which is permanent, was caused by all three accidents. There is substantial medical testimony to sustain this finding and therefore it cannot be set aside as a matter of law. The Special Fund could only be held liable on the theory that after the first accident claimant was employed as a person with a permanent physical impairment. There is no contest over this issue because the Fund has accepted its liability for its proportionate share of the last two accidents. But it is obvious that at the time of the first accident claimant was not employed as a disabled person. Under such circumstances, and where there is substantial evidence to sustain an apportionment of liability, the Special Fund is not responsible for the entire result (*Matter of Gessi* v. *Kennedy Valve Mfg. Co.,* 1 A D 2d 718), and the board was justified in charging a part of the award against the employer on account of the first accident. Decision and award unanimously affirmed, with costs to the Special Fund. Present — Foster, P. J., Bergan, Halpern, Zeller and Gibson, JJ.